# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| RANDY W. WILLIAMS, CHAPTER 7 | § | |
| TRUSTEE OF THE BANKRUPTCY | § | |
| ESTATE OF 7303 HOLDINGS, INC. | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| JAMES DOUTHITT | § | |
| SEABREEZE FINANCIAL, LLC, J.A.S. | § | |
| FAMILY PARTNERSHIP, | § | |
| KATHLEEN COLT, SUBSTITUTE | § | |
| TRUSTEE, CHARLES LONG, | § | |
| STUMPF, FARRIMOND, PC | § | |
| AND ELBAR INVESTMENTS, INC. | § | |
| | § | |
| **Defendants** | § | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1452 AND RULE 9027 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Randy W. Williams, Chapter 7 Trustee for the bankruptcy estate of 7303 Holdings, Inc.,
respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1452 and Rule 9027 of the
Federal Rules of Bankruptcy Procedure in order to remove the civil actions herein described to this
Court and ultimately to the United States Bankruptcy Court for the Southern District of Texas,
Houston Division.

1. 7303 Holdings, Inc., (hereafter "Debtor") filed for voluntary Chapter 11 bankruptcy
relief on October 22, 2008 in the case *7303 Holdings, Inc*, Case No. 08-36698-H1-7, in the United
States Bankruptcy Court for the Southern District of Texas, Houston Division.  On November 25,
2008, the Court granted the Debtor's motion to convert the case to one arising under Chapter 7 of the
Bankruptcy Code (Dkt # 33).  On  December 4, 2008, Randy W. Williams, Trustee, was appointed

interim trustee, and has subsequently qualified as permanent trustee.

2.     The Debtor's bankruptcy case is open is pennding before the Honorable Marvin Isgur Chief United States Bankruptcy Judge for the Southern District of Texas ("Bankruptcy Court").

3.     Prior to the bankruptcy filing the Debtor operated a recording studio at 7303 Ardmore, Houston, Texas 77054 specializing in rap music.  The Debtor owned, *inter alia*, the real property and improvements located at this address.  This real property was allegedly encumbered by a deed of trust securing a promissory note for the benefit of  Seabreeze Financial, LLC ("Seabreeze"), which had loaned money to the Debtor to improve the property.  The primary obligor under the loan was the Debtor, with its principal, Ronald Bookman, being a guarantor.  The loan came into dispute and Seabreeze filed a state court lawsuit to foreclose the lien in the case *Seabreeze Financial, LLC vs. 7303 Holdings, Inc., and Ronald Bookman*, Case No. 2008-47158, 164th Judicial District Court, Harris County ("State Court Litigation ").  The Debtor then sought chapter 11 bankruptcy protection.  In response Seabreeze moved for, and received, relief from the automatic stay.  On November 21, 2008 an agreed order for relief was entered and Seabreeze proceeded with a foreclosure sale on January 6, 2009.  There is some dispute with regard to the terms of the agreed order and its breadth.

4.     The real property and improvements were subject to an alleged second lien as well, in favor of Mr. James Douthitt ("Douthitt") to secure a promissory note between Douthitt and the Debtor in the original principle amount of $150,000.00.  Douthitt did not receive relief from stay from the bankruptcy court to pursue any remedies regarding this alleged lien.

5.     Prior to these events, and prior to the bankruptcy, Ronald Bookman was in a commercial and/or personal dispute with Mr. James A. Prince ("Prince").  While the details of those disputes are not relevant to this particular Notice of Removal, advice of the existence of the same

helps to provide context to the "tangled skein" that is this, and other related, litigation cases.

6.      The January 6, 2009, foreclosure by Seabreeze involved three separate auctions of the real property involved, two bids that failed to close and a final successful sale.  The first auction commenced at approximately 11:00 a.m., on January 6, 2009 and was conducted by Kathleen Colt, substitute trustee.  The substitute trustee's auction notes indicate that the bidders at this sale were Charles Long for Seabreeze, Douthitt for himself, and Prince for himself.  The Trustee is further advised that Douthitt's attorney, James Crowder, was present and that Kent Schaeffer, Prince's attorney was present (it is not clear whether Mr. Schaeffer was representing Prince at the sale or was just physically present).

7.      The initial auction proceeded with Seabreeze making the first bid ($430,000) followed by multiple rounds of competitive bidding between Prince and Douthitt.  When the gavel fell Prince prevailed with a high bid of $675,000.  Douthitt's last bid was $650,000.  There were no other bidders.

8.      Subsequently Prince failed to close his winning bid.  The reason for Prince's failure to close will be the subject of litigation.  However, the Trustee is advised by Prince that Douthitt threatened him with a lawsuit should he close.  Further, Douthitt has previously testified in a hearing before the bankruptcy court that he then attempted to procure Prince's cooperation in determining the sales price of the real property in question at a second auction later that day.

9.      A second auction was commenced at 3:00 p.m. that same day.  The bidders appearing at that auction were Charles Long for Seabreeze, James Douthitt for himself, Michael Valentine for OPM, LLC.  When the gavel fell Douthitt prevailed with a high bid of $501,000.  However, Douthitt failed to close.  The Trustee is advised that Douthitt was unable to procure sufficient cash or cash equivalent to consummate the sale.  Douthitt disputes this allegation.

10.     A third auction was commenced at 3:46 p.m. that same day.  The bidders appearing at that auction were Charles Long for Seabreeze, James Douthitt for himself, Vincent Bustamante for Elbar Investments, Inc. ("Elbar").  When the gavel fell, Elbar was the prevailing bidder with a high bid of $482,500.  Elbar closed and the property was subsequently conveyed to Elbar by the substitute trustee.

11.     On information and belief the Trustee, believes that Elbar subsequently sold the property to J.A.S. Family Partnership 3, which is reportedly an entity controlled by Prince.

12.     On December 4, 2009, James Douthitt filed the state court lawsuit *James Douthitt vs. Seabreeze Financial, L.L.C., J.A.S Family Partnership, Kathleen Colt, Substitute Trustee, Charles Long, Stumpf Farrimond, P.C., and Elbar Investments, Inc.*, Cause No. 2009-77613 in the 125th Judicial District Court of Harris County, Texas ("Removed Action").  *Inter alia*, the suit seeks the following relief:

(A) Declaratory Relief: Douthitt seeks a declaratory judgment that the second and third foreclosure sales are void due to i) a collusive bidding scheme and ii) that these sales occurred outside the statutorily prescribed time period for foreclosure sales.  The relief sought is an order awarding title to Douthitt based upon his bid at the first foreclosure sale.;

(B) Damages for Conversion: Douthitt alleges that the substitute trustee received funds in excess of the debt owed on the property and that such funds should be turned over to Douthitt to apply to his alleged debt.  Douthitt fails to specify the amount of the debt owed to Seabreeze or how much should be turned over;

(C) Damages for Fraud and Negligent Misrepresentation: Douthitt alleges that the defendants acted together to commits acts of fraud and negligent misrepresentation by making fraudulent or negligent misrepresentations representations regarding all the foreclosure sales; and

(D) Damages for Conspiracy:  The suit further asserts a cause of action for conspiracy alleging that the defendants acted in concert to secure the transfer of the real property, improvements and equipment from the Debtor to Prince for an amount less than what the property was worth thereby preventing the application of any excess value derived from the sale over the alleged first lien to Douthitt's alleged second lien.

13.     True and correct copies of the following are attached hereto and constitute all

process, pleadings and orders filed in the Removed Action:

> (A)  Plaintiff's original petition, civil case information sheet and civil process request form and exhibits;
>
> (B) Citations;
>
> (C) Plea in Intervention by Randy W. Williams, Trustee;
>
> (D) Original Answer filed Kathleen Colt.

14.     On information and belief the only parties to have answered to date are Kathleen Colt, Charles Long and Stumpf Farrimond.  It is unknown whether the other defendants have been properly served.

15.     The Trustee contends that this removal is timely filed and is accordance with 28 U.S.C. § 1452 and FRBP 9027.  The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b).

16.     Removal is proper in that matter in that the bankruptcy estate has an interest the Removed Action, and that such will constitute core matters upon removal.  The basis for this includes, but is not limited to the following:

> (A) To the extent that the defendants conspired together to procure the conveyance of the real property and improvements at 7303 Ardmore, which is property of the estate, then any damages related thereto are property of the bankruptcy estate;
>
> (B) To the extent that any collusion, fraud or negligent misrepresentation occurred regarding the foreclosure sale and which affected the price received for the property at the sale then any damages related thereto are property of the bankruptcy estate;
>
> (C) To the extent that Douthitt has any claim to any proceeds of sale of the real property and improvements, then such funds must be administered through the bankruptcy process as Douthitt has not received relief from the automatic stay;
>
> (D) Any recording equipment, electronics or other personal property of the Debtor was <u>not</u> sold at any foreclosure sale and remains property of the bankruptcy estate, declaratory relief regarding such property of the estate is improper;
>
> (E) The estate owns a cause of action against Prince for his failure to close on the first

foreclosure sale, which is superior to any declaratory relief sought by Douthitt in regards to the sale;

(F) Had either the Prince our Douthitt bids on the first sale closed then (ignoring stay issues regarding Douthitt) then there would have been a return to the estate of equity which would be distributable to its creditors.

17.   A copy of the Notice of Removal is also being filed in the Removed Action.

Concurrently with the filing of this Notice of Removal, the Trustee has served notice of this Notice

of Removal on all parties to the removed Removed Action.

WHEREFORE, the Trustee removes the  Removed Action to this Court, requests that this

Court Transfer the Removed Action to the Bankruptcy Court and enter such Orders as this Court

may deem proper.

Respectfully submitted,
ADAIR & MYERS, P.L.L.C.

/s/ Marc Douglas Myers

By:   _____

Marc Douglas Myers
SBN # 00797133
3120 Southwest Freeway, Suite 320
Houston, Texas 77098
(713) 522-2270 and (713) 522-3322 fax
Attorneys for Intervenor

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Notice of Removal has this day been sent by certified mail, return receipt requested and/or telefax to all parties and/or their counsel of record, as shown below, on January 11, 2010.

/s/ Marc Douglas Myers

_____

Marc Douglas Myers

James Douthitt                                                      Via Telefax: (713) 425-7700
c/o Chris C. Pappas
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201;

Kathleen Colt, Substitute Trustee, Charles Long and Stumpf Farrimond
c/o Clayton Cannon
1400 Post Oak Blvd., 4th Floor
Houston, Texas 77056;

Seabreeze Financial, LLC by
c/o Registered Agent Lisette De Padua
848 Brickell Ave.
Miami, FL 33131

J.A.S. Family Limited Partnership #3, Ltd.
c/o Registered Agent Mr. James A. Prince
8810 Harness Creek, Houston, Texas 77024

Elbar Investments, Inc.,
c/o Registered Agent Eli Klaimy
12400 Overbrook, #40C
Houston, Texas 77077



KANE RUSSELL COLEMAN & LOGAN PC

CHRIS C. PAPPAS
(713) 425-7401
cpappas@krcl.com

CONFIRMED FILE DATE: 12/4/2009

December 4, 2009

Mr. Loren Jackson
Harris County District Clerk
Civil Courthouse-201 Caroline
Houston, Texas 77002

2 0 0 9 - 7 7 6 1 3

Re:    Cause No. _____; *James Douthit v. Seabreeze Financial, LLC, J.A.S. Family Partnership, Kathleen Colt, Substitute Trustee, Charles Long, Stumpf, Farrimond, PC and Elbar Investments Inc.;* In the **133** Judicial District Court of Harris County, Texas

Dear Mr. Jackson:

Enclosed for filing in the above-captioned matter, please find the original and eight (8) copies of the following documents:

- Plaintiff's Original Petition;
- Civil Case Information Sheet; and
- Civil Process Request form

Also enclosed is our firm check in the amount of $264.00 in payment of the filing fee of the Petition, jury fee, and issuance of six citations on Defendants. Once the citation has been issued for Defendant SeaBreeze Financial, LLC, please forward the same to the Secretary of State for handling. Once the other citations have been issued, please call this office so that pick-up arrangements can be made.

Please note the date and time of filing on the extra copy and return to same to the undersigned for our files.

Very truly yours,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: _Chris C. Pappas_
Chris C. Pappas

FILED
Loren Jackson
District Clerk

DEC 0 4 2009

Time: _2:10 pm_
Harris County, Texas
By _____ Deputy

CCP/skc
Enclosures

830139 v1 (70175.00002.000)

CONFIRMED FILE DATE: 12/4/2009

CAUSE NO. 2009-77613

| | | |
|---|---|---|
| **JAMES DOUTHITT** | § | IN THE DISTRICT COURT OF |
| | § | |
| **v.** | § | |
| | § | |
| **SEABREEZE FINANCIAL, LLC,** | § | |
| **J.A.S. FAMILY PARTNERSHIP,** | § | HARRIS COUNTY, TEXAS |
| **KATHLEEN COLT, SUBSTITUTE** | § | |
| **TRUSTEE, CHARLES LONG,** | § | |
| **STUMPF, FARRIMOND, PC** | § | |
| **AND ELBAR INVESTMENTS, INC.** | § | 133 JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT

 COMES NOW James Douthitt ("Douthitt" and/or "Plaintiff") and makes and files this his

Plaintiff's Original Petition complaining of SeaBreeze Financial, LLC, ("SeaBreeze"), J.A.S.

Family Partnership ("J.A.S."), Kathleen Colt, individually and as substitute trustee (the

"Substitute Trustee"), Charles Long ("Long"), Stumpf, Farrimond, PC, ("Stumpf, Farrimond"),

and Elbar Investments, Inc. ("Elbar") and for cause of action would respectfully show the Court

as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery is to be conducted under Level 2.

### II.
### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this case and jurisdiction to grant all

relief requested by Plaintiff. The amount in controversy is within the jurisdictional limits of this

Court.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

3.     Venue is proper in Harris County, Texas pursuant to the provisions of the Texas Civil Practice & Remedies Codes § 15.001 et. seq.  In that regard, Plaintiff says that Harris County is the county in which all or a substantial part of the events, admissions or omissions giving rise to this cause of action occurred.  In addition, the Plaintiff says that venue is proper in Harris County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.011.

### III.
### PARTIES

4.     Plaintiff James Douthitt is an individual who resides in the State of Texas and conducts business in Harris County, Texas.

5.     Defendant **SeaBreeze Financial, LLC** is a limited liability company, corporation or other business enterprise based in Florida which operates and does business in Texas and may be served with citation by serving its registered agent for service **Lisette De Padua, 848 Brickell Ave., Miami, FL 33131.**

6.     Defendant **J.A.S. Family Limited Partnership #3, Ltd.** is a limited partnership that may be served with citation by serving its registered agent for service, **James A. Prince, 8810 Harness Creek Lane, Houston, Texas 77024.**

7.     Defendant **Kathleen Colt** is an individual who resides in the State of Texas and may be served with citation at **1400 Post Oak Blvd., Suite 400, Houston, TX 77056.**

8.     Defendant **Charles Long** is an individual who resides in the State of Texas and may be served with citation at **1177 West Loop South, Suite 1300, Houston, TX 77027.**

9.     Defendant **Stumpf Farrimond, PC** is a Texas law firm organized as a professional corporation and may be served with citation by serving its registered agent for service **Scott A. Farrimond, 112 E. Pecan Street, Suite 700, San Antonio, Texas 78205.**

10.    Defendant **Elbar Investments, Inc.** is a limited liability company, corporation or other business enterprise which is headquartered in Texas and may be served with citation by serving its registered agent for service, **Eli Klaimy at 12400 Overbrook, #40C, Houston, Texas 77077, or its Vice-President and Secretary, Barbara Klaimy at 12400 Overbrook, #40C, Houston, Texas 77077, or its President, Elias Klaimy at 12400 Overbrook, #40C, Houston, Texas 77077.**

## IV.
## FACTUAL BACKGROUND

11.    Plaintiff would show that the filing of this lawsuit has become necessary as a result of unlawful conduct on the part of the Defendants as more particularly described and set forth in this pleading.  Plaintiff would show that the allegations and claims set forth below are based upon the information available at this time, which matters are the subject of continuing investigation and will be the subject of discovery in this lawsuit.

12.    On January 11, 2008, 7303 Holdings, Inc. ("7303 Holdings") executed and delivered to the Plaintiff a **Promissory Note in the amount of $150,000.**  A true and correct copy of the Promissory Note is attached hereto as Exhibit "A."  The Promissory Note was to be paid in equal monthly installments payable over eighteen (18) months.  7303 Holdings also executed a Deed of Trust in favor of the Plaintiff to secure the Promissory Note on the property known as 7303 Ardmore, Houston, Texas  77054 (the "Studio"), which is described as follows:

> A tract of land containing 0.4425 acres, more or less, out of Block of Ardmore Industrial District, Section One, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 63, Page 60 of the Map Records of Harris County, Texas, and being more particularly described on Attachment A of the Deed of Trust.

A true and correct copy of the Deed of Trust is attached hereto as Exhibit "B." 7303 Holdings also executed a Security Agreement providing the Plaintiff with a security interest in all recording and other equipment, furniture and fixtures on the premises at 7303 Ardmore, Houston, Texas 77054. A true and correct copy of the Security Agreement is attached hereto as Exhibit "C." In February 2008, 7303 Holdings defaulted on its obligations under the terms of the Promissory Note by failing to make even the first payment.

13.    Upon information and belief, prior to January 11, 2008, the Studio was subject to a deed of trust in favor of Defendant SeaBreeze, a hard-money lender. Upon further information and belief, 7303 Holdings continued to pay its obligations to SeaBreeze up until May 2008.

14.    On or about October 6, 2008, according to documents filed and recorded in the Official Public Records of Harris County, Texas, SeaBreeze appointed Kathleen Colt, an employee and agent of and acting with the actual or apparent authority of the law firm of Stumpf, Farrimond, as substitute trustee (the "Substitute Trustee"). Upon information and belief, through Stumpf, Farrimond's representation, SeaBreeze began or was in the process of the foreclosure of SeaBreeze's lien on the Studio.

15.    On October 22, 2008, 7303 Holdings filed case no. 08-36698, styled *In Re: 7303 Holdings, Inc.* (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court"), which automatically stayed the foreclosure process begun by SeaBreeze.

16.    On or about November 21, 2008, the Bankruptcy Court entered the Agreed Order Terminating Automatic Stay of 11 U.S.C. § 362 (the "Agreed Order"), which stated as follows:

It is therefore ORDERED, that the automatic stay of 11 U.S.C. § 362 is hereby fully terminated as to SeaBreeze and as to the real property and improvements located at 7303 Ardmore, Houston, Harris County, Texas 77054 and as described as Exhibit "A" attached hereto (the "Real Property") and as to all personal

property as described and defined on Exhibit "B" attached hereto (the "Personal Property"), to the extent that SeaBreeze has a valid and enforceable lien against the Real Property and Personal Property.  SeaBreeze has the right to take any and all steps permissible under state law to exercise its rights, including foreclosure of the Real Property and Personal Property...

A true and correct copy of the Agreed Order is attached hereto as Exhibit "D."

17.    At the time the Bankruptcy Case was filed, at the time of the Agreed Order and subsequently at the time of the foreclosure sale, no party had perfected any security interest in equipment of 7303 Holdings because no party had ever filed a UCC-1 Financing Statement with the Office of the Texas Secretary of State.

18.    On our about December 16, 2008, the Substitute Trustee posted the Studio, and the equipment located at the Studio, for a foreclosure sale to occur on January 6, 2009.  A true and correct copy of the Substitute Trustee's Deed, which includes the Notice of Foreclosure Sale filed on December 16, 2008, the Posting and Filing Affidavit of Representative of Substitute Trustee filed on December 16, 2008, the Affidavit of Foreclosure Notice Preparation and Sealing and Mailing signed on January 7, 2009, is attached hereto as Exhibit "E."

19.    As set forth in the Substitute Trustee's Deed, the Notice of Foreclosure Sale provided that the foreclosure sale would take place on January 6, 2009 and would "begin no earlier than 10:00 a.m. or no later than three hours thereafter" and that the sale would "be completed by no later than 1:00 p.m." *See* Exhibit "E."  Because the Plaintiff wanted to purchase the Studio and protect his lien, the Plaintiff attended the foreclosure sale.  The Plaintiff was accompanied by his attorney, Travis Crowder.  Prior to January 6, 2009, Mr. Crowder had called the Substitute Trustee to gather information regarding how to find the Substitute Trustee, and when and where the foreclosure sale would take place.

20.    On January 6, 2009 at approximately 9:30 a.m., the Plaintiff and Mr. Crowder appeared at the Harris County Family Law Center, which is where the foreclosure sale was

scheduled to take place.  The Plaintiff and Mr. Crowder looked for the Substitute Trustee in charge of selling the Studio and its equipment.

21.     At approximately 9:50 a.m. the Plaintiff and Mr. Crowder found the Substitute Trustee and learned where the sale was going take place.  For reasons unknown at the time, the Substitute Trustee was reluctant to talk to the Plaintiff and Mr. Crowder or provide them with any information.  The Plaintiff and Mr. Crowder stayed close to the Substitute Trustee to ensure that they would be near her when the sale took place.

22.     At approximately 10:00 a.m. the Substitute Trustee announced that she was selling the Studio and asked for bids on the Studio and its contents.  The only persons who appeared and bid on the Studio were the Plaintiff, Charles Long ("Long"), an attorney representing SeaBreeze and employed by and acting with the actual or apparent authority of Stumpf, Farrimond, and James Prince ("Prince"), who was present with counsel, Kent Schaffer. Long opened the bidding with a bid in the amount of $420,000.  Prince and the Plaintiff made bids on the Studio, and continued bidding higher amounts.  The Plaintiff's last bid was $650,000.00.  Prince had the highest bid which was $675,000.00.  The Substitute Trustee informed the parties that Prince was the winning bidder, and asked Prince how he would pay for the Studio.  Prince informed her that he would wire transfer the funds to the Substitute Trustee, and the Substitute Trustee indicated that it would be acceptable for him to do that.

23.     Thereafter, the Plaintiff approached Prince in order to make sure that he would receive the funds that were owed on the Promissory Note.  Prince informed the Plaintiff that he would not purchase the Studio at that price.  Prince explained to the Plaintiff that the bid price was too high and that he would not wire transfer any funds to the Substitute Trustee.  Prince then went to speak with the Substitute Trustee.  Thereafter, the Substitute Trustee announced that the

winning bidder, Prince, would not be taking the Studio and that there would be another foreclosure sale to occur at the same place at 3:00 p.m.  By reason of the foregoing, Plaintiff asserts that the Substitute Trustee had an obligation to accept the Plaintiff's bid in the amount of $650,000.00 given the failure and refusal on the part of Prince to honor his bid price as referenced above.  Plaintiff asserts that the decision on the part of the Substitute Trustee to hold a second foreclosure sale was not authorized nor permitted under applicable law and that Plaintiff was the successful bidder and should be awarded title to the subject property for the $650,000.00 that was bid.

24.     Because the Plaintiff learned that Prince would not purchase the Studio, the Plaintiff was concerned about what would happen to his lien if no one purchased the property at the 3:00 o'clock p.m. foreclosure sale.  The Plaintiff wanted to purchase the Studio, or at least have his lien protected by the eventual purchase price.  The Plaintiff also knew that there was at least one interested party, Prince, to whom he could sell the Studio.  Prince, Mr. Schaffer, Mr. Crowder and the Plaintiff then discussed the next sale as Prince believed that he had bid too high a price.  The parties discussed the price that would be above SeaBreeze's credit bid.  The Plaintiff then left the courthouse to obtain a cashier's check in an amount slightly greater than $420,000, so that he would have the funds to pay for the Studio at the second foreclosure sale.

25.     After speaking with the Substitute Trustee, those parties informed Mr. Crowder that the Plaintiff should bring a check in the amount of $482,074.80 to the 3:00 p.m. foreclosure sale.  Mr. Crowder also telephoned the Substitute Trustee to determine if $482,074.80 would be sufficient to pay the debt due to SeaBreeze, and purchase the Studio at the foreclosure sale. Instead of speaking with the Substitute Trustee, Long, the attorney for SeaBreeze, answered the telephone call.  Long informed Mr. Crowder that the $482,074.80 amount would be sufficient to

satisfy the debt, but that SeaBreeze may bid an amount greater than what 7303 Holdings owed SeaBreeze. After speaking with Long, Mr. Crowder telephoned Plaintiff and informed him to obtain a cashier's check in the amount of $482,074.80 and bring it with him to the 3:00 p.m. foreclosure sale. Plaintiff did as instructed and obtained a cashier's check in the amount of $482,074.80 from Bank of Houston. A true and correct copy of the cashier's check is attached hereto as Exhibit "F." Prince, who had agreed to purchase the Studio from the Plaintiff, told the Plaintiff that the $482,074.80 amount was too high a price to pay for the Studio, but the Plaintiff wanted to make sure that he would have his interest protected and believed he could sell the Studio for a greater amount.

26.     Mr. Crowder and the Plaintiff were back at the Family Law Center before 3:00 p.m. Prince did not appear this time. At around 3:00 p.m., the Substitute Trustee announced the opening of bidding on the Studio. Long opened the bidding for SeaBreeze by bidding $482,000. Another individual was also present at the 3:00 foreclosure sale. Upon information and belief, that person was an individual associated with Mr. Vincent Bustamante, who upon information and belief is the owner of Elbar. After Long's initial bid, the Plaintiff bid $482,074.80, the amount of his cashier's check. The other individual bid $483,000.00 for the Studio. The Plaintiff and the other individual continued bidding. During the bidding, the Plaintiff spoke via cell phone with Prince, who indicated he was surprised that another individual was bidding on the Studio. Prince informed the Plaintiff that the bidding was going too high. Nevertheless, the parties continued bidding—the Plaintiff wanted to purchase the Studio and believed that the Studio together with the equipment was far more value than the current bid prices. Eventually, the other individual stopped bidding at $500,000.00. The Plaintiff bid $501,000.00. The

Substitute Trustee announced that the Plaintiff had the winning bid.  The Substitute Trustee immediately asked for the $501,000.00.

27.    The Plaintiff approached the Substitute Trustee to make arrangements for the payment.  The Plaintiff presented the Substitute Trustee with his cashier's check for $482,074.80 and with some additional funds that he had in his possession.  The Plaintiff also informed the Substitute Trustee that he would write a check for the remainder and produced to the Substitute Trustee a letter dated January 5, 2009 from Bank of Houston that that said "Bank of Houston will guarantee up and to the amount of $750,000 for the benefit of James Douthitt for a period of 60 days from the end of today's date."  A true and correct copy of the letter from Bank of Houston is attached hereto as Exhibit "G."  The Substitute Trustee informed the Plaintiff that payment on such terms was insufficient and that the Substitute Trustee would only accept cash in the amount of $501,000.  The Substitute Trustee told the Plaintiff he had until 3:46 p.m., when the next sale would begin, to deliver $501,000 in cash or cash equivalents to the Substitute Trustee.

28.    The Plaintiff did not believe that he had enough time to travel to the bank and obtain the necessary funds, and he did not want to attempt to do so and miss the following foreclosure sale.  The Plaintiff discussed obtaining a loan with his lawyer.  An individual named Vincent Bustamante, a representative of Elbar, approached the Plaintiff and informed him that he would loan him $20,000 provided that the Plaintiff write him a check for $38,000; in other words, Mr. Bustamante would provide the Plaintiff with a loan of 90% for that one day.  The Plaintiff considered this loan and prepared a check for Mr. Bustamante.  However, when the Plaintiff attempted to deliver the check to Mr. Bustamante, Mr. Bustamante told him that the $38,000 check was not sufficient and that Mr. Bustamante knew that someone else wanted to purchase the property.

29.     Now that Mr. Bustamante had reneged on his agreement to loan the Plaintiff $20,000, the Plaintiff had insufficient funds purchase the property by the set time of 3:46 p.m. Upon information and belief, Mr. Bustamante's stated intent to loan the Plaintiff funds was a calculated ruse to ensure that the Plaintiff would remain on the premises and not travel to the bank to obtain additional funds. Thus, the Plaintiff was present when the Substitute Trustee opened the bidding for the third sale which began at 3:46 p.m. Long started the bidding at $482,000.00 again. The Plaintiff bid the amount of the cashiers' check plus a couple of hundred dollars that he had with him. Mr. Bustamante was present on behalf of Elbar and bid a couple hundred dollars more. The Substitute Trustee awarded the Studio to Elbar for the $482,500 sale price. *See* Exhibit "E." Upon information and belief, Elbar immediately paid the Substitute Trustee the sale price.

30.     After the sale, the Plaintiff approached Mr. Bustamante and asked if he would sell the Studio to the Plaintiff. Mr. Bustamante gave the Plaintiff his card and told the Plaintiff to call him in the morning. On the morning of January 7, 2009, the Plaintiff called Mr. Bustamante, who told the Plaintiff that he had already sold the Studio to Prince. The Plaintiff called Prince and asked if Prince knew who owned the Studio. Prince informed him that he, Prince, owned the Studio and did not want to sell it.

31.     The Plaintiff fully expected that the Substitute Trustee would pay him the surplus that was available from the proceeds of the foreclosure sale up to the amount of his lien. However, after demand the Substitute Trustee never paid the Plaintiff any money.

32.     The Substitute Trustee's failure to pay the Plaintiff further injured the Plaintiff in that the Plaintiff was ready, willing and able to purchase the Studio at the first foreclosure sale, for an amount far greater than the ultimate sales price of the Studio. In addition, the Studio was

worth far in excess of the ultimate purchase price.  As a prospective purchaser of the Studio, the Plaintiff was injured by the improper foreclosure of the Studio and the wrongful sale to Elbar, which transferred the Studio to Prince, who ultimately transferred the Studio to the current owner, J.A.S. Family Partnership, an entity affiliated with Prince.

33.    At some point in time after the sale was over, the Plaintiff learned that Stumpf, Farrimond, the law firm that represented SeaBreeze, and the law firm that employed the Substitute Trustee, also represented Prince and other entities affiliated with Prince, including Rap-A-Lot Records.  The Plaintiff also learned that Stumpf, Farrimond's representation of Prince involved Prince's assertions that he was a partner of the owner of 7303 Holdings, and had an interest in the Studio.  Upon information and belief, Stumpf, Farrimond, Long and the Substitute Trustee conspired to ensure that Prince would be able to obtain the Studio for less than its value and at an artificially low price.

34.    Whenever in this pleading, it is alleged that Defendants did any act or thing or failed to do any act or thing, it is meant that the Defendants either did or failed to do said act or thing or that Defendants' officers, agents, employees, servants, or other representatives did or failed to do such act or thing and that at the time such act or thing was done or omitted, the act or omission was accomplished with the full authorization or ratification of the Defendants or was done or omitted in the normal or routine course and scope of employment of said officers, agents, employees, servants or other representatives or was done or omitted by an agent or sub-agent of the Defendants exercising implied and/or apparent authority, as those terms are understood under law.

## V.
### DECLARATORY JUDGMENT TO VOID THE FORECLOSURE SALE

35.    For the purposes of this cause of action, the Plaintiff would incorporate by reference all the allegations previously stated herein as are fully restated verbatim.

36.    According to the terms of the Notice of Foreclosure Sale, the Substitute Trustee represented that she would sell the Studio between the hours of 10:00 a.m. and 1:00 p.m.  *See* Exhibit "E."  However, the Substitute Trustee did not sell the Studio between those hours. Instead, the Substitute Trustee conducted the foreclosure sale after 1:00 p.m.  After this late sale, the Substitute Trustee executed a Substitute Trustee's Deed to Elbar that was filed in the Official Public Records of Harris County, Texas.  Because the foreclosure sale began later than three hours after the time the sale was noticed for and after the time in which the Substitute Trustee represented the sale would be completed, the sale did not comply with Texas Property Code section 51.002(c), nor did it comply with the Notice of Foreclosure Sale posted by the Substitute Trustee. *See* Exhibit "E."  Accordingly, the Court must declare the Substitute Trustee's Deed to Elbar void, and void all other transfers of said Studio.

37.    The Plaintiff, as a prospective purchaser at the first and only timely-conducted foreclosure sale, was ready, willing and able to purchase the Studio in the amount of his bid of $650,000 topped only by Prince's bid of $675,000, and which Prince expressly and during the period of time at which a foreclosure sale could be held informed the Substitute Trustee that he would not pay the purchase price.  Under Texas law, the Substitute Trustee was required to have announced that the winning bid for the Studio was the Plaintiff's $650,000 bid.  Instead of announcing the Plaintiff's back-up bid as the winning bid, the Substitute Trustee, who acted under the actual and apparent authority of Stumpf, Farrimond, together with her law partner Long, SeaBreeze, and Prince participated in a collusive bidding scheme in order to reduce the

purchase price that Prince, a client of Stumpf, Farrimond, or his affiliate, J.A.S. Family Partnership, would be required to pay for the Studio. This collusive bidding scheme caused Prince, or his affiliate J.A.S. Family Partnership, to ultimately obtain the Studio valued at over $3 million based on a successful bid of $482,500, an amount far less than the Plaintiff's original $650,000 back-up bid. The Plaintiff has no adequate remedy at law for the failure of the Substitute Trustee to conduct a proper and valid foreclosure sale, other than to have the Court to declare the foreclosure sale void.

38.     Upon information and belief, no parties other than those affiliated with Prince are within the chain of title. Further, the current owner of the Studio, J.A.S. Family Partnership, is an affiliate of Prince and/or within his ownership and control.

39.     Accordingly, the Plaintiff hereby seeks a judgment from this Court declaring that the foreclosure sale which occurred on January 6, 2009 at 3:00 p.m. was void because (1) it occurred after the time period set forth in the notice and (2) was a result of collusive bidding. In addition, Plaintiff seeks a judicial declaration awarding title to the subject property to Plaintiff based upon his bid at the prior foreclosure sale at 10:00 a.m. as hereinabove referenced.

## VI.
## CONVERSION

40.     For purposes of this cause of action, the Plaintiff incorporates by reference all the allegations previously stated herein as fully restated verbatim.

41.     In the alternative, the Plaintiff says that he holds a valid lien on the Studio, that the Substitute Trustee received funds from the Elbar at the foreclosure sale in excess of the lien interest of SeaBreeze, that the Substitute Trustee, SeaBreeze or Stumpf, Farrimond continues to maintain dominion over such funds despite requests by the Plaintiff to pay those funds to the Plaintiff, and that as a result of the failure of the Substitute Trustee to provide the funds to the

Plaintiff, the Plaintiff has suffered damages in the amount of the surplus of such funds up to the amount of the Plaintiff's lien.  Accordingly, the Plaintiff seeks a judgment from this Court in the amount of the surplus of funds received by the Substitute Trustee up to the amount of the Plaintiff's lien.

## VII.
## FRAUD

42:    For purposes of this cause of action the Plaintiff incorporates by reference all the allegations previously stated herein as a fully restated verbatim.

43.    By way of additional pleading, the Plaintiff says that the actions and/or conduct on the part of the Defendants constitute common law fraud in violation of Texas law.  In that regard, the Substitute Trustee, and Long, both individually and acting with the actual or apparent authority of Stumpf, Farrimond, and Prince made material representations to the Plaintiff regarding the first foreclosure sale and the actions taken in the first foreclosure sale and in the actions and conduct in the second and third improperly conducted foreclosure sales.  These representations were false, and the Defendants knew that these representations were false.  These representations by SeaBreeze, Prince, the Substitute Trustee, Long, Stumpf, Farrimond and Elbar and their agents were made for the purpose of inducing reliance on the part of the Plaintiff to his detriment and on which the Plaintiff acted in reliance to his ultimate detriment.  The Plaintiff hereby seeks recovery for all damages, losses, costs and expenses incurred by reason such unlawful conduct on the part of the Defendants.

## VII.
## NEGLIGENT MISREPRESENTATION

44.    For purposes of this cause of action the Plaintiff incorporates by reference all the allegations previously stated herein as a fully restated verbatim.

45.    By way of additional and/or alternative pleading, the Plaintiff says that the actions and/or conduct on the part of the Defendants constitute negligent misrepresentation in violation of Texas law. In that regard, the Substitute Trustee, and Long, both individually and acting with the actual or apparent authority of Stumpf, Farrimond, and the other Defendants made material representations to the Plaintiff regarding the first foreclosure sale and the actions taken in the first foreclosure sale and in the actions and conduct in the second and third improperly conducted foreclosure sales. These representations by SeaBreeze, Prince, the Substitute Trustee, Long, Stumpf, Farrimond and Elbar and their agents were made for the purpose of inducing reliance on the part of the Plaintiff to his detriment and on which the Plaintiff acted in reliance to his ultimate detriment. These representations were false and the Defendants did not exercise reasonable care or competence in obtaining or communicating the information. The Plaintiff hereby seeks recovery for all damages, losses, costs and expenses incurred by reason such unlawful conduct on the part of the Defendants.

## VIII.
## CONSPIRACY

46.    For purposes of this cause of action the Plaintiff incorporates by reference all the allegations previously stated herein as a fully restated verbatim.

47.    By way of additional pleading, the Defendants conspired to perpetrate fraud on the Plaintiff with the ultimate goal of transferring valuable the Studio from one Stumpf, Farrimond client to another without providing for the payment of Plaintiff's lien, which should have been paid out of the proceeds of the sale of the Studio had the foreclosure sale been properly conducted. The Defendants—SeaBreeze, Prince, the Substitute Trustee, Long, Stumpf, Farrimond and Elbar—were well aware of the Plaintiff's lien, the Plaintiff's high bid at the first and only timely conducted  foreclosure sale, the representations in the Notice of Foreclosure

Sale, and the Plaintiff's desire to purchase the Studio at the foreclosure sale.  The Defendants acted in a concerted effort to prohibit the Plaintiff from being the successful bidder on the Studio through the following actions:

- attempting to limit the ability of the Plaintiff to bid on the Studio;

- selling the equipment and other personal property in the Studio without any legal authority to do so and in violation of the rights of 7303 Holdings and the Plaintiff;

- allowing Prince to renege on his winning bid at the first and only timely conducted foreclosure sale;

- failing to consider the Plaintiff's back-up bid at the first and only timely conducted foreclosure sale;

- misrepresenting to the Plaintiff the amount of money it would take to obtain the Studio at the subsequent foreclosure sale;

- holding the second foreclosure sale after the time period to hold the foreclosure sale had expired;

- refusing to accept the Plaintiff's funds in the same manner that the funds of Prince would have been accepted as payment for the Studio;

- holding the third foreclosure sale after the time period to hold the foreclosure sale had expired;

- transferring title to the Studio and the equipment to Elbar, and ultimately to Prince or an affiliate of Prince;

- refusing to pay or otherwise satisfy Plaintiff's lien on the Studio.

48.     The Defendants were members of a combination of two or more persons for which the object of the combination was to accomplish an unlawful purpose or a lawful purpose

by unlawful means. The Defendants had a meeting of the minds on the objective and/or course of action and have each committed unlawful, overt acts to further the objective and/or course of action. As a result of the Defendants' wrongful conduct, the Plaintiff suffered damages for which he hereby seeks recovery for all damages, losses, costs and expenses incurred by reason such unlawful conduct on the part of the Defendants.

## IX.
## ATTORNEY'S FEES

49.     Pleading further, the Plaintiff would show that he retained the undersigned attorneys for the purpose of prosecuting this action and that he is entitled to recover all reasonable attorney's fees incurred in the presentation and prosecution of this matter as provided under the Texas Civil Practice and Remedies Code § 37.009, as well as by other applicable law.

## X.
## DAMAGES

50.     By way of additional pleading, Plaintiff says he is entitled to recover and hereby seeks recovery of all damages, losses, costs and expenses that he has incurred in connection with these claims for which recovery sought in this action

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing herein that the Court grant:

1.     A judgment setting aside the second foreclosure sale of the property conducted on January 6, 2009 and for other declaratory relief as set forth herein;

2.     A judgment in favor of the Plaintiff against each Defendant for all damages and/or relief as provided by law;

3.     A judgment in favor of the Plaintiff against each Defendant for all costs, attorney's fees and punitive damages as provided by law;

4.    A judgment in favor of the Plaintiff against each Defendant for pre-judgment and post-judgment interest at maximum rates permitted by law;

5.    Any other further relief both general and especial, at law or in equity, to which the Plaintiff may be duly and justly entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC

By:    _Chris C. Pappas_

Chris C. Pappas
State Bar No. 15454300
Ron Bankston
State Bar No. 01689500
1010 Lamar Street, Suite 1800
Houston, Texas 77002
(713) 842-7400 – Telephone
(713) 425-7700 – Telecopier

David D. Ritter
State Bar No. 0791534
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
(214) 777-4200 – Telephone
(214) 777-4299 – Telecopier

ATTORNEYS FOR PLAINTIFF JAMES DOUTHITT

P4

CONFIRMED FILE DATE: 12/4/2009

# EXHIBIT "A"

Unofficial Copy Office of Loren Jackson District Clerk

COPY

# PROMISSORY NOTE

$150,000.00                                                               January 11, 2008

FOR VALUE RECEIVED, and in installments as hereinafter provided, 7303 Holdings, Inc a Texas Corporation ("Maker") promises to pay to the order of JAMES D. DOUTHITT ("Payee"), at 6476 Rupley Street, Houston, Texas  77087, or at such other address as Payee from time to time may designate in writing, the sum ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00) in lawful money of the United States of America, which shall be legal tender in payment of all debts and dues, public and private at the time of payment. The sums due hereunder shall be payable as follows:

> Principal shall be due and payable in 18 monthly installments of $8,333.33 each, the first of which installments shall be due February 11, 2008 with each succeeding payment due on the 15th day of each succeeding month, until July 15, 2008 when a final installment of principal shall be due.

The Maker shall have the privilege of prepaying all or any part of this Note at any time in all instances without notice or any prepayment penalty.  All sums prepaid hereon, shall, when received by the Payee, be applied first to accrued unpaid interest on this Note and the balance, if any, to the reduction of the regular installments of principal hereof in inverse order of the maturity thereof.

This Note is given as part of the consideration of the purchase price for the real property and improvements described as follows to wit:

> A tract of land containing 0.4425 acres more or less, out of Block 1 of Ardmore Industrial District, Section One, an Addition in Harris County, Texas more fully described in Attached "A".

The payment here is secured by a Deed of Trust of even date herewith executed by the Maker to Travis C. Crowder, Trustee, which covers said property and a Security Agreement of even date in which the personal property of Maker is pledged as collateral.

In the event of default in the payment of principal or interest when due hereunder or in the performance of any provision under any instruments securing the payment of this Note, and the continuance of either such type of default for a period of ten (10) days after written notice by certified or registered U.S. Mail, postage prepaid, return receipt requested, from Payee to Maker, at 7303 Ardmore, Houston, Texas  77054 or at such other address as Maker from time to time may designate in writing to Payee, then in either of such events, the holder of this Note may foreclose all liens and security interests securing the payment hereof, pursue any and all other rights, remedies and recourses available to Payee, or pursue any combination of the foregoing, all remedies hereunder and under the Deed of Trust or Security Agreement being cumulative.

Failure to exercise any of the foregoing options upon the happening of one or more of the foregoing events of default shall not constitute a waiver of the right to exercise the same or any other option at any subsequent time in respect to the same or any other event. The acceptance by Payee of payments hereunder that are less than payment in full of amounts which are due and payable at the time of such payment shall not constitute a waiver of the right to exercise any of the foregoing options at that time or at any subsequent time, or nullify any prior exercise of any such option without the express written consent of the Payee.

Matured unpaid principal and interest hereunder shall bear interest at the highest annual percentage rate allowed by law from the date of maturity until paid. If this Note is collected by suit, through probate or bankruptcy court, or any other judicial proceedings, or if this Note is not paid at maturity, however such maturity may be brought about, and is placed in the hands of an attorney for collection, then the Maker promises to pay all costs and expenses of collection enforcement, including without limitation, all attorney's fees incurred by Payee.

Except as specifically set forth herein, the Maker, and all sureties, endorsers and guarantors of this Note (i) waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of intent to accelerate, notice of acceleration, and all other notices, filing of suit and diligence in collecting this Note or enforcing any of the security hereof (ii) agree to the release of any such security (in whole or in part) or the release of any party primarily or secondarily liable herein, (iii) agree that the Payee or other holder hereof shall not be required to institute suit or exhaust their remedy hereon against the Maker or others liable or to become liable hereon or to enforce their rights against any security hereof in order to enforce payment of this Note by them, and (iv) consent to any extension or postponement of payment of this Note and to any other indulgence with respect hereto without notice thereof to any of them.

The Maker shall be liable upon the indebtedness evidenced by this Note, all sums to accrue or to become payable hereon and all amounts covenanted to be paid by him under the Deed of Trust to the full extent of the security for the payment of this Note, including without limitation, all properties, rights and estates described in the Deed of Trust.

It is the intention of the parties hereto to comply with applicable usury laws; accordingly, it is agreed that notwithstanding any provisions to the contrary in this Note, or in any of the documents securing payment hereof or otherwise relating hereto, in no event shall this Note or such documents require the payment or permit the collection of interest in excess of the maximum amount permitted by such laws. If any such excess of interest is contracted for, charged or received under this Note or under any of the instruments securing payment hereof or otherwise relating hereto, or in the event the maturity of the indebtedness evidenced by this Note is accelerated in whole or in part, or in the event that all or part of the principal or interest of this Note shall be prepaid, so that under any of such circumstances the amount of interest contracted for, charged or received under this Note or under any of the instruments securing payment hereof or otherwise relating, on the amount of principal actually outstanding from time to time under the Note, shall exceed the maximum amount of interest permitted by applicable usury laws, then in any such event, (a) the provisions of this paragraph shall govern and control, (b) neither the Maker hereof not any other person or entity now or hereafter liable for the payment hereof shall

be obligated to pay the amount of such interest to the extent that it is in excess of the maximum amount of interest permitted by applicable usury laws, (c) any such excess which may have been collected shall be either applied as a credit against the then unpaid principal amount hereof or refunded to Maker, at the holder's option, and (d) the effective rate of interest shall be automatically reduced to the maximum lawful contract rate allowed under applicable usury laws as now or hereafter construed by the courts having jurisdiction thereof.

This Note shall be governed by and construed in accordance with the laws of the State of Texas and is intended to be performed in accordance with, and only to the extent permitted by, such laws.  If any provision of this Note or the application hereof to any person or circumstance shall for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of such provision to any other person or circumstance shall be affected thereby, but rather same shall be enforced to the greatest extent permitted by law.

IN  WITNESS  WHEREOF  executed  this  14th  day  of  February,  2008  to  be  effective January 11, 2008.

MAKER:

7303 HOLDINGS, INC.

Ronald E. Bookman, President

P7

CONFIRMED FILE DATE: 12/4/2009

# EXHIBIT "B"

Unofficial Copy Office of Loren Jackson District Clerk

20080089854
02/25/2008 RP3 $32.00

# DEED OF TRUST

STATE OF TEXAS § 
§    KNOW ALL BY THESE PRESENTS
COUNTY OF HARRIS §

Date: January 11, 2008

Grantor: 7303 Holdings, Inc.

Trustee: Travis C. Crowder

Trustee's Mailing Address: 17101 Kuykendahl
Houston, Texas 77068

Beneficiary: James D. Douthitt

Number of Notes: One

Note Date: January 11, 2008

Amount: $150,000.00

Maker: 7303 Holdings, Inc.

Payee: James D. Douthitt

Final Maturity Date: As therein provided

Terms: As therein provided

Property:

FILED FOR RECORD
8:00 AM

**FEB 2 5 2008**

*Beverly B. Kaufman*
County Clerk, Harris County, Texas

A tract of land containing 0.4425 acres more or less, out of Block 1 of Ardmore Industrial District, Section One, an Addition in Harris County, Texas more fully described o Attachment "A".

Priority of Lien: First

For value received and to secure the payment of the Note, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property. If Grantor performs all the covenants and pays the Note according to its terms, this Deed of Trust shall have no further effect and Beneficiary shall release Grantor at Grantor's expense.

<u>Grantor's Warranties and Obligations</u>.  Grantor agrees to:

Unofficial Copy Office of Loren Jackson District Clerk

(1)    keep the property in good repair and condition;

(2)    pay all taxes and assessments on the property when due;

(3)    preserve the priority of the lien;

(4)    maintain, in a form acceptable to Beneficiary, an insurance policy that

    (a)    covers all improvements presently upon or to be placed upon the property for their full insurable value when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing.

    (b)    provides fire and extended coverage, including windstorm coverage;

    (c)    contains such other coverage as Beneficiary may reasonably require;

(5)    deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration.

**Beneficiary's Rights.** Beneficiary may appoint in writing a substitute trustee or successor trustee succeeding to all rights and responsibilities of the original trustee.

If the proceeds of the Note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.

If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor, on demand at the place where the Note if payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the Note. The sum to be reimbursed shall be secured by this Deed of Trust.

If Grantor defaults on the Note of fails to perform any of Grantor's obligations, Beneficiary may:

    Collect rents if the Property is rented or rent it and collect rents if it is vacant and apply the proceeds, less reasonable expenses, to the payment of the Note;

    (2)    Declare the Note, including any other sums secured by this Deed of Trust, immediately due ten (10) days after written notice by certified mail, return receipt requested from

Deed of Trust – Page 2

Beneficiary to Grantor at 7303 Ardmore, Houston, Texas 77054

(3)      Request the Trustee to foreclose this lien.

Trustee's Duties.   If requested by Beneficiary to foreclose this lien, Trustee shall advertise the time, place and terms of sale and mail notices as may be required by Texas Property Code §51.002 as then amended, and otherwise comply with that statute; sell all or part of the Property to the purchaser with a warranty deed binding Grantor; and from the proceeds of the sale pay, in this order: (a) expenses of foreclosure, including a commission to Trustee of five percent of the bid; (b) to Beneficiary, the full amount of principal, interest and attorney's fees and other charges due and unpaid under the Note; (c) any amounts required by law to be paid before payment to Grantor; and (d) to Grantor, any balance.

This lien shall remain superior to liens later created even if the time of payment of all or part of the Note is extended or part of the Property released.

If any portion of the Note cannot be lawfully secured by the Deed of Trust payments shall be applied first to discharge that portion.

Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property.  After deducting any expenses incurred, including attorney's fees, Beneficiary shall not be liable for failure to collect or exercise diligence in collecting any such sums.

Grantor may not sell or convey the Property, or any portion thereof, without first obtaining the written consent of Beneficiary to such disposition. Any violation of this provision shall authorize Beneficiary or her assigns to accelerate maturity of any indebtedness or other obligation secured hereby and to demand immediate performance thereof.

Nothing in this Deed of Trust or in the Note shall ever entitle Beneficiary to receive or collect interest in excess of the highest rate allowed by law on the debt secured by this Deed of Trust.

Reference to "Beneficiary" herein shall be understood to refer to Beneficiary's heirs, executors, administrators, successors and assigns; and references herein to "Grantor" shall be understood to refer also to Grantor's heirs, executors, administrators, successors and assigns.

The terms Trustee, Beneficiary, Note, Grantor, Payee and Substitute or Successor Trustee shall include the singular and plural.

The term Note includes all sums secured by this Deed of Trust.

This Deed of Trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

Deed of Trust ~ Page 3

Executed this \_\_\_\_ day of February, 2008, to be effective January 11, 2008.

7303 Holdings, Inc.

Ronald E. Bookman, President

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

This instrument was acknowledged before me on the 14ᵗʰ day of February, 2008 by Robert E. Bookman in his capacity as President of 7303 Holdings, Inc. such instrument to be effective January 11, 2008.



TRAVIS C. CROWDER
Notary Public
STATE OF TEXAS
My Comm. Exp. Sep. 21, 2011

Notary Public in and for
the State of Texas

Return After Filing to:

Travis C. Crowder
Attorney at Law
17101 Kuykendahl
Houston, Texas  77068

Deed of Trust · Page 4

June 12, 2006                                                        Job No. H060798

## ATTACHMENT "A"

NOTE:      BEARINGS BASED ON HARRIS COUNTY CLERK'S FILE NO. U203437.

A tract of land containing 0.4425 acres, more or less, out of Block 1, of Ardmore Industrial District, Section One, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 63, Page 60, of the Map Records of Harris County, Texas, and being more particularly described by metes and bounds as follows:

A tract of land being the north 150.00 feet by 128.50 feet, consisting of 0.4425 acres of land, more or less, of Block One (1) in Ardmore Industrial District, Section One (1), an addition in Harris County, Texas, and being more particularly described by metes and bounds as follows, to-wit:

BEGINNING at a 1-1/4 inch iron pipe found (survey found), marking the intersection of the east right-of-way line of Ardmore Street (100' R-O-W), with the south right-of-way line of Corder Street (a.k.a. Nichols Street) as evidenced by map of record in Volume 63, Page 60, of the Map Records of Harris County, Texas, said iron rod being the northwest corner of said Block 1, and the northwest corner of the herein described tract;

THENCE along the south line of Corder Street, South 70° 00' 00" East, a distance of 128.50 feet to a 5/8 inch iron rod set (survey did not find, survey set a 1/2 inch iron rod capped no. 4966, survey found a disturbed 5/8 inch iron rod bearing North 81° 55' 18" East a distance of 0.17 feet) for the northeast corner of the herein described tract;

THENCE South 20° 00' 00" West, a distance of 150.00 feet to a 5/8 inch iron rod set (survey did not find, survey set a PK nail with shiner no. 4966, survey found 5/8 inch iron rod bearing North 24° 31' 55" West a distance of 0.25 feet) for the southeast corner of the herein described tract;

THENCE North 70° 00' 00" West, a distance of 128.50 feet to a (point from which a) 2 inch Steel Post found at (South 43° 00' 00" East, a distance of 0.23 feet (survey did not find, survey set a PK nail with shiner no. 4966, survey found a 3/4 inch iron pipe bearing South 24° 35' 36" West a distance of 0.53 feet, survey found a 5/8 inch iron rod bearing South 70° 00' 00" West a distance of 452.71 feet, survey  found a 1/2 inch iron rod bearing South 19° 58' 26" West a distance of 200.59 feet), for the southwest corner of the herein described tract;

THENCE North 20° 00' 00" East, a distance of 150.00 feet to THE PLACE OF BEGINNING and containing 0.4425 acres or 19,275 square feet, more or less.

DATED this 12th day of June, 2006

_signature_

OEWARD KARL BOWLES,
RPLS No. 4966
Revised 5/24/2007 for Land Title

FILED FOR RECORD
8:00 AM

JUL 1 3 2007

_signature_
County Clerk, Harris County, Texas

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time _____ was filed and recorded.

Unofficial Copy Office of Loren Jackson District Clerk

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

THE STATE OF TEXAS
COUNTY OF HARRIS

I hereby certify that this instrument was FILED in File Number Sequence on the date and in the time stamped hereon by me, and was duly RECORDED in the Official Public Records of Real Property of Harris County, Texas on

FEB 25 2008



*Beverly B. Kaufman*
COUNTY CLERK
HARRIS COUNTY, TEXAS

p4

CONFIRMED FILE DATE: 12/4/2009

# EXHIBIT "C"

Unofficial Copy Office of Loren Jackson District Clerk

COPY

# SECURITY AGREEMENT

### Nature of Agreement

1.      This Security Agreement between 7303 Holdings, Inc., a Texas corporation whose address is 7303 Ardmore Houston, Texas  77054, referred to in this Agreement as Debtor, and J. D. Douthitt, as Secured Party whose address is 6476 Rupley Circle, Houston, Texas  77087.

### Creation of Security Interest

2.      In consideration of the financial accommodations given, or to be given, to the Debtor by the Secured Party, the parties agree to whenever the Debtor shall become or remain, directly or contingently, indebted to the Secured Party that the Secured Party shall after the date the indebtedness is created have the rights described in this Agreement in and to all of the property specified in this Agreement. The property securing the Secured Party is referred to in this Agreement as the Collateral and is more specifically and particularly described as follows:

> All recording and other equipment, furniture and fixtures in on or around
> the premises located at 7307 Ardmore, Houston, Texas  77054

The rights set forth in this Agreement with respect to the Collateral are in addition to those rights created by the indebtedness that this Agreement would secure, against the Debtor, its successors or assigns.

### Maintenance of Collateral

3.      The Debtor shall hold the Collateral deposited as security for any loan or indebtedness of the Debtor to the Secured Party.  The Collateral is to be of the character and value as deemed in good faith to be sufficient and satisfactory to the Secured Party.

### Acceleration of Maturity

4.      At the option of the Secured Party, the entire indebtedness of the Debtor to the Secured Party shall become due and payable in full on the occurrence of any of the following events:

(a)     Failure of the Debtor to provide Collateral that the Secured Party determines in good faith to be sufficient.

(b)     Filing by or against the Debtor of any voluntary or involuntary petition in bankruptcy or for relief under the Federal Bankruptcy Act.

(c)     Default by the debtor in the payment of any amount of principal or interest when due.

### Disposition of Collateral on Default

5.    On the failure of the Debtor to pay the indebtedness when due, or on the failure of the Debtor to keep and maintain the requisite Collateral, the Secured Party may elect to sell, lease, or otherwise dispose of all or any part of the Collateral, or to accept and take title to the Collateral in satisfaction of the indebtedness of the Debtor to the Secured Party. Any disposition of the collateral on default must be accomplished according to the provisions of the Texas Business and Commerce Code after notice has been given by the Secured Party as required by the Code. In the event of any sale or other disposition of the Collateral, all reasonable costs in the preparation of the Collateral for the sale or disposition, and all reasonable attorney's fees and legal expenses connected with the sale or disposition shall become part of the principal indebtedness as secured by the Collateral. The principal indebtedness shall also include interest at the rate of ten percent (10%) per annum on such costs, fees, or expenses, from the date they are incurred until the indebtedness is paid in full.

### Continuing Agreement

6.    It is agreed that this is a continuing agreement and that the provisions of this Agreement shall apply to any and all future as well as to existing transactions between the Debtor and the Secured Party regarding the Collateral or the indebtedness secured by it.

### Texas Law to Apply

7.    This Agreement shall be construed under and in accordance with the laws of the State of Texas, and all obligations of the parties created by this Agreement are to be performed in Harris County, Texas.

### Parties Bound

8.    This Agreement shall be binding upon and inure to the benefit of the contracting parties and their respective heirs, executors, administrators, legal representatives, successors, and assigns, when permitted by the other provisions of this Agreement.

### Effect of Partial Invalidity

9.    In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, all other provisions shall remain valid, binding, and effective as if the invalid, illegal, or unenforceable provisions had never been included in this Agreement.

### Prior Agreements Superseded

10.    This Agreement constitutes the sole agreement of the parties executing it and supersedes any prior understandings or written or oral agreements between the parties respecting the subject matter described in this Agreement.

Executed at _Houston_ , Texas, on _Feb. 14th_ , 2008.

SECURED PARTY:

_James D. Douthitt_ (signature)
James D. Douthitt

DEBTOR

7303 Holdings, Inc.

By: _(signature)_
Ronald E. Bookman, President

Unofficial Copy Office of Loren Jackson District Clerk

P4

CONFIRMED FILE DATE: 12/4/2009

# EXHIBIT "D"

Unofficial Copy Office of Loren Jackson District Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **7303 HOLDINGS, INC.,** | § | **CASE NO. 08-36698** |
| | § | **(CHAPTER 11)** |
| **DEBTOR** | § | |
| | § | |
| | § | |
| **SEABREEZE FINANCIAL, LLC,** | § | |
| | § | |
| **MOVANT** | § | |
| | § | |
| **V.** | § | **CONTESTED MATTER** |
| | § | |
| **7303 HOLDINGS, INC.,** | § | |
| | § | |
| **RESPONDENT** | § | |

**AGREED ORDER TERMINATING AUTOMATIC STAY OF 11 U.S.C. § 362**
**(Relating to Docket No. 18)**

In Houston, came before the Court the Motion of Seabreeze Financial, LLC ("Seabreeze"),

for Relief from the Automatic Stay (Docket No. 18), and it appearing to the Court that the parties

have reached an agreement regarding the motion and that the parties' agreement should be approved

and entered as an agreed order, it is therefore ORDERED that the automatic stay of 11 U.S.C. § 362

is hereby fully terminated as to Seabreeze and as to the real property and improvements located at

7303 Ardmore, Houston, Harris County, Texas 77054 and as described on Exhibit "A" attached

hereto (the "Real Property") and as to all personal property as described and defined on Exhibit "B"

attached hereto (the "Personal Property"), to the extent that Seabreeze has a valid and enforceable

lien against the Real Property and Personal Property.  Seabreeze has the right to take any and all

---

steps permissible under state law to exercise its rights, including foreclosure of the Real Property

and Personal Property and continuing to prosecute the suit in the 164th Judicial District Court of

Harris County, Texas, Cause No. 2008-47158.

Signed _____11/21_____, 2008.

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**APPROVED AS TO FORM AND CONTENT:**

By: /s/ Angela N. Offerman
    Charles E. Long
    State Bar No. 12514700
    Federal Bar No.  3251
    Angela N. Offerman
    State Bar No. 24051130
    Federal Bar No. 607970
    Stumpf Farrimond PC
    1400 Post Oak Blvd., 4th Floor
    Houston, Texas  77056
    713.871.0919
    713.871.0408 (facsimile)

**ATTORNEYS FOR SEABREEZE FINANCIAL, LLC**

By: _____
    James B. Jameson
    State Bar No. 10598500
    James B. Jameson & Associates, P.C.
    3355 West Alabama, Ste. 1160
    Houston, Texas  77098
    713.807.1705
    713.807.1710 (facsimile)

**ATTORNEYS FOR 7303 HOLDINGS, INC.**

steps permissible under state law to exercise its rights, including foreclosure of the Real Property and

Personal Property and continuing to prosecute the the suit in the 164th Judicial District Court of Harris

County, Texas, Cause No. 2008-47158.

Signed _____, 2008.

> MARVIN ISGUR
> UNITED STATES BANKRUPTCY JUDGE

**APPROVED AS TO FORM AND CONTENT:**

By: _____
    Charles E. Long
    State Bar No. 12514700
    Federal Bar No. 3251
    Angela N. Offerman
    State Bar No. 24051130
    Federal Bar No. 607970
    Stumpf Farrimond PC
    1400 Post Oak Blvd., 4th Floor
    Houston, Texas 77056
    713.871.0919
    713.871.0408 (facsimile)

**ATTORNEYS FOR SEABREEZE FINANCIAL, LLC**

By: _____
    James B. Jameson
    State Bar No. 10598500
    James B. Jameson & Associates, P.C.
    3355 West Alabama, Ste. 1160
    Houston, Texas 77098
    713.807.1705
    713.807.1710 (facsimile)

**ATTORNEYS FOR 7303 HOLDINGS, INC.**

Copy Office of Loren Jackson District Clerk

P2

# EXHIBIT "E"

CONFIRMED FILE DATE: 12/4/2009

Unofficial Copy Office of Loren Jackson District Clerk

## AFFIDAVIT OF FORECLOSURE NOTICE PREPARATION AND SEALING AND MAILING

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF HARRIS | § |
| | § |

Substitute Trustee:        KATHLEEN COLT

Mortgagee:                SEABREEZE FINANCIAL, LLC, a Florida limited liability company

Mortgagor:                7303 HOLDINGS, INC., a Texas corporation

Recording Data of Deed of Trust:        Clerk's File No. 2007042832, of the Official Public Records of Real Property of Harris County, Texas

## AFFIDAVIT OF NOTICE PREPARATION

I, KATHLEEN COLT, Substitute Trustee under the Deed of Trust, certify that I signed a Notice of Foreclosure Sale (the "Notice"), dated December 16, 2008, a copy of which is attached hereto, which was prepared in accordance with the requirements of Section 51.002 of the Texas Property Code, and instructed the persons signing the Posting and Filing Affidavit of Representative of Substitute Trustee to post and file the Notice on my behalf. The original, executed Posting and Filing Affidavit of Representative of Substitute Trustee is attached hereto and made a part hereof for all purposes. I further certify that on December 16, 2008, I prepared and did sign a letter giving notice of the scheduled foreclosure sale, which letter (together with a copy of the above referenced Notice) was sent, addressed to the Mortgagor, and to each debtor who is obligated to pay the debt, at the last known address of the Mortgagor and debtors according to my records and the records of the Mortgagee, by U.S. Mail, certified, return receipt requested, and first class.

_(signature)_
KATHLEEN COLT, Substitute Trustee

SUBSCRIBED AND SWORN TO before me by the said KATHLEEN COLT, Substitute Trustee, on this the 7th day of January, 2009 to certify which witness my hand and seal of office.

_(signature)_
Notary Public in and for the State of Texas

MICHELLE DANNE SIMS
Notary Public, State of Texas
Commission Expires 06-07-2012

- 1 -

P2

CONFIRMED FILE DATE: 12/4/2009

# EXHIBIT "F"

Unofficial Copy Office of Loren Jackson District Clerk



BANK OF HOUSTON

P.O. Box 272257 · Houston, TX 77277-2257

CASHIERS CHECK

No. 005080

01/06/09

THE PURCHASER IS AUTHORIZED
NOTICE TO PURCHASERS
BEFORE ANY ORDER OR INDEMNITY BONDS
OR REFUNDED IN THE EVENT IT IS LOST MISPLACED OR STOLEN
OR REPAINED BY THE CHECK OF THIS BANK WILL BE REPLACED

**FOUR HUNDRED EIGHTY TWO THOUSAND SEVENTY FOUR AND 80/100**

**482,074.80**

PAY TO THE
ORDER OF    SEABREEZE FINANCIAL

AUTHORIZED SIGNATURE

Unofficial Copy of Office of Loren Jackson District

P2

CONFIRMED FILE DATE: 12/4/2009

# EXHIBIT "G"

Unofficial Copy Office of Loren Jackson District Clerk



January 5, 2009

To Whom It May Concern:

Bank of Houston will guarantee up and to the amount of $750,000.00 for the benefit of James Douthitt for a period of 60 days from the end of today's date.

If you have any questions, please contact me at 713 600 6665.

Sincerely,

Arthur Rios
Executive Vice-President

3900 Essex Lane, Suite 100 • Houston, TX 77027 • 713.600.6660 • Fax 713.840.8906 • www.bankhouston.com

CONFIRMED FILE DATE: 12/4/2009

# CIVIL PROCESS REQUEST

p4

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _2 0 0 9 - 7 7 6 1 3_       CURRENT COURT: _133_

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): _Original Petition_

FILE DATE OF MOTION: _____
                                          Month/      Day/      Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served)

1. NAME: _Sea Breeze Financial, LLC_
   ADDRESS: _848 Brickell Ave, Miami, Florida 33131_
   AGENT, (if applicable): _Lisette De Padua_

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):_____

SERVICE BY (check one):
- [ ] ATTORNEY PICK-UP                          [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- [ ] MAIL                                      [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
      Type of Publication: _____   [ ] COURTHOUSE DOOR, or
                                      [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, explain _Secretary of State_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

2. NAME: _J.A.S. Family Limited Partnership #3, Ltd._
   ADDRESS: _8810 Harness Creek Lane, Houston, Tx 77024_
   AGENT, (if applicable): _James A. Prince_

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type):_____

SERVICE BY (check one):
- [X] ATTORNEY PICK-UP                          [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____
- [ ] MAIL                                      [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
      Type of Publication: _____   [ ] COURTHOUSE DOOR, or
                                      [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, explain _____

**FILED**
Loren Jackson
District Clerk

DEC 04 2009
2:10pm
Time: _____ Harris County, Texas
By _____ Deputy

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:
NAME: _Chris C. Pappas_       TEXAS BAR NO./ID NO. _15454300_
MAILING ADDRESS: _1010 Lamar, Suite 1800, Houston, Tx 77002_
PHONE NUMBER: _713_   _405-7400_       FAX NUMBER: _713_   _405-7700_
              area code   phone number                  area code   fax number
EMAIL ADDRESS: _cpappas@krcl.com_

Page 1 of 2

CIVIC100 Revised 9/2/09

# CIVIL PROCESS REQUEST

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: **2 0 0 9 - 7 7 6 1 3**       CURRENT COURT: **133**

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): *Plaintiff's Original Petition*

FILE DATE OF MOTION: _____
                                        Month/       Day/       Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: *KATHLEEN COLT*
   ADDRESS: *1400 Post Oak Blvd, Suite 400, Houston, TX 77056*
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- [X] ATTORNEY PICK-UP                    [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- [ ] MAIL                                [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
       Type of Publication:  [ ] COURTHOUSE DOOR, or
                             [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, explain _____

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •
• • • •

2. NAME: *CHARLES LONG*
   ADDRESS: *1177 West Loop South, Suite 1300, Houston, TX 77027*
   AGENT, (if applicable): _____

TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

SERVICE BY (check one):
- [X] ATTORNEY PICK-UP                    [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____
- [ ] MAIL                                [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
       Type of Publication:  [ ] COURTHOUSE DOOR, or
                             [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, explain _____

**FILED**
Loren Jackson
District Clerk

DEC 04 2009
**2:10pm**
Harris County, Texas
By _____ Deputy

---

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: *Chris C. Pappas*                   TEXAS BAR NO./ID NO. *15454300*

MAILING ADDRESS: *1010 Lamar, Suite 1800, Houston, TX 77002*

PHONE NUMBER: *713*      *425-7400*          FAX NUMBER: *713*      *425-7800*
              area code   phone number                   area code   fax number

EMAIL ADDRESS: *cpappas@KRCL.com*

CIVIC108 Revised 9/2/00

# CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: **2009-76613**    CURRENT COURT: _____ 133

TYPE OF INSTRUMENT TO BE SERVED (See Reverse For Types): _Plaintiffs Original Petition_

FILE DATE OF MOTION: _____
                                              Month/      Day/      Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

1.  NAME: _Stumpf Farrimona, PC_

    ADDRESS: _112 E. Pecan St, Suite 700, San Antonio Tx 78205_

    AGENT, (if applicable): _Scott A. Farrimono_

    TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

    SERVICE BY (check one):
    - [x] ATTORNEY PICK-UP              [ ] CONSTABLE
    - [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
    - [ ] MAIL                          [ ] CERTIFIED MAIL
    - [ ] PUBLICATION:
          Type of Publication:   [ ] COURTHOUSE DOOR, or
                                 [ ] NEWSPAPER OF YOUR CHOICE: _____
    - [ ] OTHER, explain _____

**FILED**
Loren Jackson
District Clerk

DEC 4 2009

Time: _____
Harris County, Texas
By _____
Deputy

2.  NAME: _Elbar Investments, Inc_

    ADDRESS: _12400 OverBrook, #40C, Houston, Tx 77077_

    AGENT, (if applicable): _Eli Klairy_

    TYPE OF SERVICE/PROCESS TO BE ISSUED (see reverse for specific type): _____

    SERVICE BY (check one):
    - [x] ATTORNEY PICK-UP              [ ] CONSTABLE
    - [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
    - [ ] MAIL                          [ ] CERTIFIED MAIL
    - [ ] PUBLICATION:
          Type of Publication:   [ ] COURTHOUSE DOOR, or
                                 [ ] NEWSPAPER OF YOUR CHOICE: _____
    - [ ] OTHER, explain _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: _Chris C. Pappas_                    TEXAS BAR NO./ID NO. _15454300_

MAILING ADDRESS: _1010 Lamar, Suite 1800, Houston, Tx 77002_

PHONE NUMBER: _713_    _425-7400_          FAX NUMBER: _713_    _425-7700_
              area code   phone number                   area code   fax number

EMAIL ADDRESS: _Cpappas @ Krcl.com_

CIVIC108 Revised 9/3/09

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION   ~ 1
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION

COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____ AMENDED CROSS-ACTION
_____ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
ORDER TO: _____
(specify)
MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

**2 0 0 9 - 7 7 6 1 3**

CONFIRMED FILE DATE: 12/4/2009

Cause No. _____

*James Douthitt*
_____
                    Plaintiff

*Seabreeze Financial LLC, et al.*
_____
                    Defendant

§
§
§
§
§

IN THE DISTRICT COURT OF

HARRIS   COUNTY, TEXAS

*133* JUDICIAL DISTRICT

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial.

Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgment signed FOUR (4) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of action:   ☑ Commercial   ☐ Personal Injury   ☐ Death   ☐ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☑ Fraud | ☐ Products liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestosis | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☐ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☑ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability | ☐ Workers compensation |
| | ☐ Other _____ | | |

Has this dispute previously been in the Harris County courts?   ☑ No   ☐ Yes, in the following court: _____

Monetary damages sought   ☐ less than $50,000   ☐ 50,001 - $100,000   ☑ greater than $100,000

Estimated time needed for discovery   ☐ 0-3 months   ☐ 4-6 months   ☑ 7-12 months   ☐ >1 year

Estimated time needed for trial:   ☐ 1-2 days   ☑ 3-5 days   ☐ 6-10 days   ☐ > 10 days

Are you going to request Level 3 status?   ☐ Yes   ☑ No
If yes, please state your estimate for total hours of deposition per side: _____ and the number of interrogatories needed for each party to serve on any other party: _____

Name of party filing this cover sheet: *James Douthitt*

Signature of attorney or pro se filing cover sheet: *Chris C. Pappas*

Name printed: *Chris C. Pappas*
Phone No: *713-425-7400*          Bar No: *15454300*

**FOR COURT USE ONLY:**

Track assigned   ☐ Track 1   ☐ Track 2   ☐ Track 3

Court Coordinator_____          Date: _____

**FILED**

Loren Jackson
District Clerk

DEC 0 4 2009

Time: _2:10 pm_
                    Harris County, Texas
By _____
                    Deputy

CONFIRMED FILE DATE: 12/15/2009

CAUSE NO. 200977613                    ✓  P-1

RECEIPT   NO. 4619              0.00      ATY
                12-07-2009               TR # 72482708

PLAINTIFF: DOUTHITT, JAMES                    In The 125th
       vs.                                    Judicial District Court
DEFENDANT: SEABREEZE FINANCIAL LLC            of Harris County, Texas
                                              125TH DISTRICT COURT
                                              Houston, TX

                       CITATION   **FILED**
THE STATE OF TEXAS                 Loren Jackson
County of Harris                   District Clerk

                                   DEC 1 5 2009

                        Time: _____ Harris County, Texas
TO: LONG, CHARLES                          By _____ Deputy
    1177 WEST LOOP SOUTH SUITE 1300 HOUSTON, TX 77027


     Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>4th day of December, 2009</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 10th day of December, 2009, under my hand and
seal of said Court.

<u>Issued at request of:</u>             LOREN JACKSON, District Clerk
PAPPAS, CHRIS C                       Harris County, Texas
1010 LAMAR, STE 1800                  201 Caroline    Houston, Texas 77002
HOUSTON, TX 77002                     (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 425-7400
<u>Bar No.</u>: 15454300                  GENERATED BY: ALARCON, CRISTINA   P4G/NIG/8580604

                      OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 5:00 o'clock P M., on the 11 day of December 2009.

Executed at (address) 1177 West Loop South, Suite 1300, Houston, Texas 77027  in

HARRIS          County at 10:10 o'clock A M., on the 15 day of December

2009, by delivering to Charles Long                    defendant, in person, a
true copy of this Citation together with the accompanying 1          copy (ies) of the
PLAINTIFFS ORIGINAL PETITION                                          Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 15 day of December 2009.

Fee: $ 70.00

_____       _____ of _____ County, Texas

Jeannette M. Lopez SCH 2357            By _____
         Affiant                                    Deputy

On this day, Jeannette M. Lopez          , known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 15th day of December 2009.

                                        _____
                                        Notary Public

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation and/or alterations were
present at the time of filming

N.NNT.CITR.P

DAWN A LILLY
NOTARY PUBLIC STATE OF TEXAS
MY COMMISSION EXPIRES
OCT 8, 2011

P - 1

CAUSE NO. 200977613

RECEIPT NO. 4619                    0.00        ATY
        12-07-2009                  TR # 72482707

PLAINTIFF: DOUTHITT, JAMES                    In The 125th
        vs.                                   Judicial District Court
DEFENDANT: SEABREEZE FINANCIAL LLC            of Harris County, Texas
                                              125TH DISTRICT COURT
                                              Houston, TX

                        CITATION    **FILED**
THE STATE OF TEXAS                  Loren Jackson
County of Harris                    District Clerk

                                    DEC 18 2009

                        Time: ___   Harris County, Texas
                                              Deputy

TO: COLT, KATHLEEN (INDIVIDUALLY AND AS SUBSTITUTE TRUSTEE)
    1400 POST OAK BLVD SUITE 400  HOUSTON TX 77056

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 4th day of December, 2009, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 10th day of December, 2009, under my hand and
seal of said Court.

Issued at request of:                LOREN JACKSON, District Clerk
PAPPAS, CHRIS C                      Harris County, Texas
1010 LAMAR, STE 1800                 201 Caroline      Houston, Texas 77002
HOUSTON, TX 77002                    (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 425-7400
Bar No.: 15454300                    GENERATED BY: ALARCON, CRISTINA   P4G/NIG/8580604

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 5:00 o'clock P M., on the 11 day of December , 2009 .
Executed at (address) 2600 Pemberton Dr, Houston, Texas  77005                      in
HARRIS          County at 3:00  o'clock P .M., on the 16 day of December,
2009 , by delivering to Kathleen Colt                      defendant, in person, a
true copy of this Citation together with the accompanying    1    copy (first) of the  Petition
PLAINTIFF'S ORIGINAL PETITION
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 16 day of December , 2009 .

Fee: $ 70.00

                                     _____
                                               of _____ County, Texas

Jeannette M Lopez SCH 2357
        Affiant                      By _____
                                                    Deputy

On this day, Jeannette M. Lopez          , known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 16th day of December , 2009 .

                                     Dawn A Lilly
                                           Notary Public

N.INT.CITR.P                         

DAWN A LILLY
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT 5, 2011

Filed 10 January 8 P4:42
Loren Jackson - District Clerk
Harris County
ED101J015627399
By: melanie flores

Cause No. 2009-77613

| | | |
|---|---|---|
| JAMES DOUTHITT | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | |
| SEABREEZE FINANCIAL, LLC, J.A.S. | § | HARRIS COUNTY, TEXAS |
| FAMILY PARTNERSHIP, | § | |
| KATHLEEN COLT, SUBSTITUTE | § | |
| TRUSTEE, CHARLES LONG, | § | |
| STUMPF, FARRIMOND, PC | § | |
| AND ELBAR INVESTMENTS, INC. | § | 125TH JUDICIAL DISTRICT |

### PLEA IN INTERVENTION BY RANDY W. WILLIAMS, TRUSTEE

TO THE HONORABLE COURT:

Randy W. Williams, Chapter 7 Trustee of the Estate of 7303 Holdings, Inc., (hereafter "Intervenor"), files this plea in intervention and would show:

### A. Introduction

1.     Intervenor is Randy W. Williams, the duly appointed and serving Chapter 7 Trustee (hereafter "Trustee") for the Chapter 7 Bankruptcy Estate of *7303 Holdings, Inc*, Case No. 08-36698-H1-7, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (hereafter the "Estate").

2.     7303 Holdings, Inc., (hereafter "Debtor") filed for voluntary Chapter 11 bankruptcy relief on October 22, 2008.  On November 25, 2008, the Court granted the Debtor's motion to convert the case to one arising under Chapter 7 of the Bankruptcy Code (Dkt # 33).  On December 4, 2008, Randy W. Williams, Trustee, was appointed interim trustee, and has subsequently qualified as permanent trustee.

### B. Parties

3.     Intervenor's principal place of business is 333 Clay St., Suite 3300, Houston, Texas

Unofficial Copy Office of Loren Jackson District Clerk

77002.   Intervenor can be served through his counsel of record Marc Douglas Myers, 3120 Southwest Freeway, Suite 320, Houston, Texas 77098.

4.   James Douthitt is an individual who resides in the State of Texas and conducts business in Harris County, Texas.

5.   Seabreeze Financial, LLC is a Florida corporation doing business in the State of Texas and may be served with process by serving its registered agent Lisette De Padua, 848 Brickell Ave. Miami, FL 33131.

6.   J.A.S. Family Limited Partnership #3, Ltd., is a Texas limited partnership which may be served with process by serving its registered agent Mr. James A. Prince, 8810 Harness Creek, Houston, Texas 77024.

7.   Kathleen Colt, Substitute Trustee is an individual who may be served with process at 1177 West Loop South, Suite 1300, Houston, Texas 77027.

8.   Charles Long is an individual who may be served with process at 1177 West Loop South, Suite 1300, Houston, Texas 77027.

9.   Elbar Investments, Inc., may be served with process by serving its registered agent Eli Klaimy, 12400 Overbrook #40C, Houston, Texas 77077.

### C.   Intervention

10.   Intervenor has a justiciable interest in the subject litigation in that the Estate either owns, or has an interest, in the causes of action pled by Plaintiff (or any other cause of action arising from the facts pled, or to be pled, against the current Defendants and/or third parties) and as such they are property of the Bankruptcy Estate.

WHEREFORE, based on the foregoing, Intervenor requests that the parties take notice of the filing of this Plea in Intervention and the Debtor's/Bankruptcy Estate's interests as described above,

and for such other and further relief to which Intervenor may be justly entitled.

Respectfully submitted,
ADAIR & MYERS, P.L.L.C.

By: *Marc Douglas Myers*

Marc Douglas Myers
SBN # 00797133
3120 Southwest Freeway, Suite 320
Houston, Texas 77098
(713) 522-2270 and (713) 522-3322 fax
Attorneys for Intervenor

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Plea in Intervention has this day been sent by certified mail, return receipt requested and/or telefax to all parties and/or their counsel of record, as shown below, on January 8, 2010

*Marc Douglas Myers*

Marc Douglas Myers

James Douthitt
c/o Chris C. Pappas
1010 Lamar Street, Suite 1800
Houston, Texas 77002

Seabreeze Financial, LLC
c/o Registered Agent Lisette De Padua
848 Brickell Ave.
Miami, FL 33131

J.A.S. Family Limited Partnership #3, Ltd.
c/o Mr. James A. Prince
8810 Harness Creek
Houston, Texas 77024

Charles Long
West Loop South, Suite 1300
Houston, Texas 77027

Elbar Investments, Inc.
c/o Eli Klaimy
12400 Overbrook, #40C
Houston, Texas 77077



# STUMPF FARRIMOND, P.C.

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW
1177 WEST LOOP SOUTH, SUITE 1300
HOUSTON, TEXAS 77027

TELEPHONE (713) 871-0919
FACSIMILE  (713) 871-0408
WEBSITE  www.sftxlaw.com

HOUSTON
SAN ANTONIO

## PLEASE DELIVER THE FOLLOWING

TO:   Marc Myers

FAX NO.    (713) 522-2270
            (713) 522-3322

TOTAL NUMBER OF PAGES (including this letter):    3

THIS FACSIMILE CONTAINS **CONFIDENTIAL INFORMATION** WHICH ALSO MAY BE **LEGALLY PRIVILEGED** AND WHICH IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S). IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS FACSIMILE MAY BE STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ABOVE ADDRESS BY UNITED STATES MAIL. THANK YOU.

FROM:    Clayton C. Cannon

RE:

MESSAGE:   Please see attached Original Answer of Kathleen Colt, Charles
                Long, and Stumpf Farrimond PC

If you do not receive all pages indicated, or if there is an error with the transmission,
please contact Michelle Sims at 832.615.4947

## CAUSE NO. 2009-77613

| | | |
|---|---|---|
| **JAMES DOUTHITT** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SEABREEZE FINANCIAL, LLC,** | § | |
| **J.A.S. FAMILY PARTNERSHIP,** | § | |
| **KATHLEEN COLT, SUBSTITUTE** | § | |
| **TRUSTEE, CHARLES LONG, STUMPF** | § | |
| **FARRIMOND, PC, AND ELBAR** | § | |
| **INVESTMENTS, INC.** | § | **125TH JUDICIAL DISTRICT** |

---

### ORIGINAL ANSWER

---

**TO THE HONORABLE JUDGE OF THE COURT:**

      **KATHLEEN COLT, INDIVIDUALLY AND AS SUBSTITUTE TRUSTEE, CHARLES LONG, and STUMPF FARRIMOND, PC ("DEFENDANTS")** file their Original Answer to Plaintiff's Original Petition, respectfully showing the Court as follows:

### I. GENERAL DENIAL

      1.     Pursuant to TEXAS RULES OF CIVIL PROCEDURE 92, Defendants deny each and every, all and singular, the allegations and claims for relief set forth in Plaintiff's Original Petition and demands strict proof thereof, hereby reserving their right to amend this Answer to assert other and further defenses in the premises.

      **WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully requests that Plaintiff be granted a take-nothing judgment herein; request that Court grant to Defendants all other relief to which they may be entitled.

---

---

Respectfully submitted,

STUMPF FARRIMOND, P.C.


By:  /s/ Clayton C. Cannon
      Clayton C. Cannon
      State Bar No. 03745200
      1400 Post Oak Blvd., 4th Floor
      Houston, Texas 77056
      (832) 615-4922
      (832) 615-4972 (facsimile)

      **ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of January, 2010, a true and correct copy of the above and foregoing document was served on the following in accordance with the TEXAS RULES OF CIVIL PROCEDURE:

Chris C. Pappas                                *Via Facsimile to (713) 425-7700*
Ron Bankston
Kane Russell Coleman & Logan PC
1010 Lamar Street, Suite 1800
Houston, Texas 77002

Marc Douglas Myers                             *Via Facsimile to (713) 522-2270*
Adair & Myers, P.L.L.C.                         *and (713) 522-3322*
3120 Southwest Freeway, Suite 320
Houston, Texas 77098


                                                /s/ Clayton C. Cannon
                                                Clayton C. Cannon

**HCDistrictclerk.com**    Cause: 200977613    CDI: 7    Court: 125    1/11/2010
**DOCUMENTS**

| Number | Pgs | Date | Document |
|---|---|---|---|
| 44260678 | 3 | 1/8/2010 | Plea in Intervention by Randy W. Williams, Trustee |
| 44175382 | 1 | 12/18/2009 | Citation |
| 44145921 | 1 | 12/15/2009 | Citation |
| 44014597 | 18 | 12/4/2009 | Plaintiffs Original Petition |
| ·> 44014606 | 1 | 12/4/2009 | Civil Case Information Sheet |
| ·> 44014605 | 4 | 12/4/2009 | Civil Process Request |
| ·> 44014598 | 4 | 12/4/2009 | Exhibit A |
| ·> 44014599 | 7 | 12/4/2009 | Exhibit B |
| ·> 44014600 | 4 | 12/4/2009 | Exhibit C |
| ·> 44014601 | 4 | 12/4/2009 | Exhibit D |
| ·> 44014602 | 2 | 12/4/2009 | Exhibit E |
| ·> 44014603 | 2 | 12/4/2009 | Exhibit F |
| ·> 44014604 | 2 | 12/4/2009 | Exhibit G |
| ·> 44014607 | 1 | 12/4/2009 | Filing letter |